# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>7 Bobcat Lane, Berwick, ME 03901 |
| Kimberly M. Cates; Ronald Cates, Conservator of James H. Cates; and Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, a Division of Treasury Bank, N.A. | Mortgage:<br>September 23, 2005<br>Book 14616, Page 901<br>York County Registry of Deeds |
| Defendants | |
| Bank of America, N.A. and Fox Ridge Condominium Association | |
| Parties-in-Interest | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Kimberly M. Cates, Ronald Cates, Conservator of James H. Cates and Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, a Division of Treasury Bank, N.A. and, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Kimberly M. Cates and James H. Cates, are the obligors and the total amount owed under the terms of the Note is Two Hundred Forty-Four Thousand Seven Hundred Sixty-Two and 02/100 ($244,762.02) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Kimberly M. Cates, is a resident of Barrington, County of Strafford and State of New Hampshire.

6. The Defendant, Ronald Cates, Conservator of James H. Cates, is c/o Blaire A. Fenniman, Esq., located at Boynton, Waldron, Doleac Woodman & Scott, PA 82 Court Street, Portsmouth, NH 03801.

7. The Defendant, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, a Division of Treasury Bank, N.A. is located at 1818 Library Street, Suite 300, Reston, VA 20190.

8. The Party-in-Interest, Bank of America, N.A., is located at 100 North Tryon Street, Charlotte, NC 28202.

9. The Party-in-Interest, Fox Ridge Condominium Association, is located at c/o Bedard & Bobrow, PC, 3 Bradstreet Lane, Eliot, ME 03903.

## FACTS

10. On August 11, 2000, by virtue of a Warranty Deed from PHP Properties, Inc., which is recorded in the York County Registry of Deeds in **Book 10168, Page 90**, the property situated at 7 Bobcat Lane, City/Town of Berwick, County of York, and State of Maine, was conveyed to James H. Cates and Kimberly M. Cates, and further conveyed by virtue of a Warranty Deed from James H. Cates and Kimberly M. Cates, dated April 6, 2009, which is recorded in the York County Registry of Deeds in **Book 15614, Page 849,** to James H. Cates, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. Ronald Cates, Conservator of James H. Cates, is a Defendant pursuant to an Appointment of Conservator as to the estate and affairs of James Cates, dated March 12, 2019, as entered on the York County Probate Court, Docket No. 2018-0880.[1] *See* Exhibit B (a true and correct copy of the Appointment of Conservator is attached hereto and incorporated herein).

---

[1] On November 26, 2019, an Order was entered in the York County Probate Court in regard to Docket No. 2018-0880 for transfer to the Cumberland County Probate Court, due to a conflict with the York County Judge of Probate, who represented a party in the matter. On December 16, 2019, the Cumberland County Probate Court confirmed that all proceedings had been received and accepted, and provided the Cumberland County Probate Court assigned docket number, Docket No. 2019-1700. Furthermore, on August 12, 2021, an Order was entered in the Cumberland County Probate Court in regard to Docket No. 2019-1700 for transfer to the Oxford County Probate Court, and on August 25, 2021, the Oxford County Probate Court confirmed that all proceedings had been received and accepted, and provided the Oxford County Probate Court assigned docket number, Docket No. 2021-0373.

12. Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, a Division of Treasury Bank, N.A. is a Defendant pursuant to a Mortgage, dated September 15, 2004, in the amount of $43,000.00, executed by Kimberly M. Cates and James H. Cates, and recorded in the York County Registry of Deeds in Book 14229, Page 912, which upon information and belief has been paid in full and should have been properly discharged.

13. On September 23, 2005, Kimberly M. Cates and James H. Cates, executed and delivered to Countrywide Home Loans, Inc., a certain Note under seal in the amount of $150,150.00. *See* Exhibit C (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

14. To secure said Note, on September 23, 2005, Kimberly M. Cates and James H. Cates executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., securing the property located at 7 Bobcat Lane, Berwick, ME 03901, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14616**, **Page 901**. *See* Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage, dated January 9, 2012, and recorded in the York County Registry of Deeds in **Book 16244**, **Page 700**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated April 15, 2015, and recorded in the York County Registry of Deeds in **Book 17007**, **Page 243**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage, dated January 11, 2017, and recorded in the York County Registry of Deeds in **Book 17405**, **Page 357**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. On January 22, 2010, James H. Cates, executed a Home Affordable Modification Agreement which modified the principal amount of the Note to $143,776.00 (herein after referred to as the "Loan Modification"). *See* Exhibit H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

19. On September 20, 2019, the Defendants, Kimberly M. Cates, and Ronald Cates, Conservator of James H. Cates, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property. *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Kimberly M. Cates, and Ronald Cates, Conservator of James H. Cates, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

21. The Defendants, Kimberly M. Cates, and Ronald Cates, Conservator of James H. Cates, failed to cure the default prior to the expiration of the Demand Letter. Defendant,

22. Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

26. Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, FSB is a Party-in-Interest pursuant to a Mortgage in the amount of $37,000.00, dated July 12, 2007, and recorded in the York County Registry of Deeds in **Book 15221**, **Page 39** and is in second position behind Plaintiff's Mortgage.

27. The Junior Lien was assigned to Bank of America, N.A. by virtue of an Assignment, dated March 29, 2012, and recorded in the York County Registry of Deeds in **Book 16298**, **Page 266**.

28. Fox Ridge Condominium Association is a Party-in-Interest pursuant to a Complaint for Civil Action of Foreclosure of Equity and Redemption, dated June 24, 2021, and filed on June 28, 2021, in the York County Superior Court, Docket No. RE-21-0037, and notice of commencement of said action was recorded in the York County Registry of Deeds in **Book 18728, Page 651**, and is in third position behind Plaintiff's Mortgage.

29. The total debt owed under the Note and Mortgage as of September 30, 2021 is Two Hundred Forty-Four Thousand Seven Hundred Sixty-Two and 02/100 ($244,762.02) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $134,663.55 |
| Interest | $60,574.60 |
| Escrow Advance | $37,951.37 |
| Rec. Corporate Advance Balance | $11,572.50 |
| Grand Total | $244,762.02 |

30. Upon information and belief, the Defendants, Kimberly M. Cates, and Ronald Cates, Conservator of James H. Cates., are not presently in possession of the subject property originally secured by the Mortgage.

## COUNT 1 – FORECLOSURE AND SALE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 7 Bobcat Lane, Berwick, County of York, and State of Maine. *See* Exhibit C.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 13 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

35. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

36. The total debt owed under the Note and Mortgage as of September 30, 2021 is Two Hundred Forty-Four Thousand Seven Hundred Sixty-Two and 02/100 ($244,762.02) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $134,663.55 |
| Interest | $60,574.60 |
| Escrow Advance | $37,951.37 |
| Rec. Corporate Advance Balance | $11,572.50 |
| Grand Total | $244,762.02 |

37. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

38. By virtue of the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates', breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

39. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Kimberly M. Cates, and Ronald Cates, Conservator of James H. Cates, evidenced by the Certificate of Mailing. *See* Exhibit I.

40. The Defendant, Kimberly M. Cates, is not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. On September 23, 2005, Kimberly M. Cates and James H. Cates, executed under seal and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $150,150.00. *See* Exhibit B.

43. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, are in default for failure to properly tender the February 1, 2012 payment and all subsequent payments. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property. *See* Exhibit I.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

45. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

46. The Defendants Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates' breach is knowing, willful, and continuing. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

47. The Defendants Kimberly M. Cates and James H. Cates' breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

48. The total debt owed under the Note and Mortgage as of September 30, 2021, if no payments are made, is Two Hundred Forty-Four Thousand Seven Hundred Sixty-Two and 02/100 ($244,762.02) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $134,663.55 |
| Interest | $60,574.60 |
| Escrow Advance | $37,951.37 |
| Rec. Corporate Advance Balance | $11,572.50 |
| Grand Total | $244,762.02 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. By executing, under seal, and delivering the Note, Kimberly M. Cates and James H. Cates, entered into a written contract with Countrywide Home Loans, Inc. who agreed to loan the amount of $150,150.00 to the Defendants. *See* Exhibit C.

52. As part of this contract and transaction, Kimberly M. Cates and James H. Cates, executed the Mortgage to secure the Note and the subject property. *See* Exhibit D.

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

54. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2012 payment and all subsequent payments. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

56. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, having failed to comply with the terms of the Note and Mortgage, are in breach of contract. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

57. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Forty-Four Thousand Seven Hundred Sixty-Two and 02/100 ($244,762.02) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to Kimberly M. Cates and James H. Cates. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

58. Defendants Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates' breach is knowing, willful, and continuing. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the

part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

59. Defendants Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates' breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs. Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

60. The total debt owed under the Note and Mortgage as of September 30, 2021, if no payments are made, is Two Hundred Forty-Four Thousand Seven Hundred Sixty-Two and 02/100 ($244,762.02) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $134,663.55 |
| Interest | $60,574.60 |
| Escrow Advance | $37,951.37 |
| Rec. Corporate Advance Balance | $11,572.50 |
| Grand Total | $244,762.02 |

61. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – *QUANTUM MERUIT*

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. Countrywide Home Loans, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned, Kimberly M. Cates and James H. Cates, $150,150.00.  *See* Exhibit C.

64. The Defendants, Kimberly M. Cates and James H. Cates, are in default for failure to properly tender the February 1, 2012 payment and all subsequent payments, however, as affected by Defendant, James H. Cates's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of James H. Cates, but only seeks liability on the part of Kimberly M. Cates, and *in rem* judgment against the property.  *See* Exhibit I.

65. As a result of the Defendants Kimberly M. Cates and James H. Cates's failure to perform under the terms of their obligation, the Defendant, Kimberly M. Cates, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

66. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## <u>COUNT V – UNJUST ENRICHMENT</u>

67. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. Countrywide Home Loans, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Kimberly M. Cates and James H. Cates, $150,150.00.  *See* Exhibit C.

69. The Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, have failed to repay the loan obligation.  Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability

on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

70. As a result, the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.  Defendant, Ronald Cates, Conservator of James H. Cates, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property.

71. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property., and only seeks liability on the part of Kimberly M. Cates;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, are in breach of the Note by failing to make payment due as of February 1, 2012, and all subsequent payments, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

d) Find that the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, are in breach of the Mortgage by failing to make payment due as of February 1, 2012, and all subsequent payments, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

e) Find that, Kimberly M. Cates and James H. Cates, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2012 and all subsequent payments, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

h) Find that by virtue of the money retained by the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates have been unjustly enriched at the Plaintiff's expense, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

j) Find that the Defendants, Kimberly M. Cates and James H. Cates, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received, however, this action <u>does not</u> seek any personal liability on the part of the

Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

k) Find that the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, are liable to the Plaintiff for *quantum meruit,* however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

l) Find that the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, have appreciated and retained the benefit of the Mortgage and the subject property, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

m) Find that it would be inequitable for the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates,

Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Kimberly M. Cates and Ronald Cates, Conservator of James H. Cates, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs, however, this action <u>does not</u> seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, as said Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, Ronald Cates, Conservator of James H. Cates, but only seeks *in rem* judgment against the property, and only seeks liability on the part of Kimberly M. Cates;

p) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. § 6322;

q) Additionally, find that while the Defendant, Ronald Cates, Conservator of James H. Cates has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 7 Bobcat Lane, Berwick, ME 03901;

r) Order a discharge of Mortgage, which upon information and belief, should have been previously properly discharged, in favor of Mortgage Electronic Registration Systems, Inc.,

as nominee for Countrywide Bank, a Division of Treasury Bank, N.A., in the amount of $43,000.00, executed by Kimberly M. Cates and James H. Cates, and recorded in the York County Registry of Deeds in Book 14229, Page 912

s) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: November 8, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com