STATE OF OREGON

COUNTY OF WASHINGTON

## AFFIDAVIT OF LOST NOTE

Borrower's Name: James H. Cates and Kimberly M. Cates -

Affiant, Jason Solomon, being duly sworn, state as follows:

1. Affiant is an employee of Seterus, Inc. ("Seterus") and is duly authorized to execute this affidavit. Seterus is the mortgage servicer for Federal National Mortgage Association ("Fannie Mae"), the party entitled to enforce the note described herein.

2. I have access to certain of Seterus' business records, concerning the subject loan. I have personal knowledge of Seterus' procedures for creating and maintaining these records which are maintained in the ordinary course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity. I make this affidavit based upon my review of those records.

3. A note executed by James H. Cates and Kimberly M. Cates on September 23, 2005, in the original principal amount of $150150.00 was secured by a mortgage recorded in the Official Records Book 14616, at Page 0901-0922, as Instrument No. 2005058115 of the Public Records of York County, Maine.

4. At the time the note was lost, Fannie Mae owned and was entitled to enforce the note when loss of possession occurred.

5. After a thorough and diligent search of the records pertaining to the subject loan, the original note was not located. The original note is not presently in the custody, possession and control of Fannie Mae or Seterus, or any agent of Fannie Mae or Seterus. Seterus has undertaken the following steps to ascertain the current whereabouts of the subject note, including:

    a.) A search of the storage facilities wherein said note is to be housed pursuant to established custodial procedures;

    b.) Inquiry of employees charged with custodial responsibilities as to the current or potential whereabouts of the note;

    c.) Inquiry concerning alternatives sites where the note could be stored, including facilities of designated bailees and searched or caused same to be searched; and


EXHIBIT C

d.) Reviewed existing file notes to ascertain whether alternative dispositions of the note have been made.

6. To the best of affiant's knowledge and belief, the business records described above reflect that the note was in possession of the agents or custodians of Fannie Mae at the time it was lost or destroyed.

7. The loss of possession was not the result of a rightful transfer or a lawful seizure of the note.

8. A true and correct copy of the original note and, if applicable, allonge(s) is/are attached hereto.

9. I declare under penalty of perjury that the foregoing facts are true and correct based on my personal review of the business records referenced herein.

10. Fannie Mae agrees to indemnify and hold borrower(s) harmless from any and all damages and costs, including reasonable attorney's fees, which may result by reason of a third party presenting the note and attempting to enforce against the borrower following a judgment in this matter provided the borrower gives notice to Fannie Mae within ninety (90) days of a claim or its awareness of a potential claim.

FURTHER AFFIANT SAYETH NAUGHT.

SETERUS, INC. as mortgage servicer for
FEDERAL NATIONAL MORTGAGE ASSOCIATION

By: /s/
Name: Jason Solomon
Title: Title Services Team Lead
Date: 8-11-2016

Subscribed and sworn to before me
This 12th day of Aug, 2016, by Jason Solomon.

Christine M. Peterson
Notary Public
State of Oregon

OFFICIAL SEAL
CHRISTINE M PETERSON
NOTARY PUBLIC - OREGON
COMMISSION NO. 471953
MY COMMISSION EXPIRES OCTOBER 01, 2016

My commission expires: 10-1-16
Personally known  X  OR
Produced identification ____.
Type of identification produced:

Prepared by: KEVIN E. NAGLE

LOAN #:

# NOTE

SEPTEMBER 23, 2005　　　　　SOUTH PORTLAND　　　　　　MAINE
[Date]　　　　　　　　　　　　　[City]　　　　　　　　　　　　　[State]

7 BOBCAT LANE, BERWICK, ME 03901-2447
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 150,150.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  5.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  FIRST  day of each month beginning on
NOVEMBER 01, 2005    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  OCTOBER 01, 2035    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 864.35

4. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  FIFTEEN    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

MAINE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 1 of 2

-5N(ME) (0005)　CHL (08/00)(d)　VMP MORTGAGE FORMS - (800)521-7291

Initials: [signature]
Form 3220 1/01

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender require immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  _____ (Seal)
JAMES H. CATES          -Borrower   KIMBERLY M. CATES        -Borrower

_____ (Seal)  _____ (Seal)
                        -Borrower                            -Borrower

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.
BY: David A. Spector, Managing Director

[Sign Original Only]